UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

CYNTHIA THOMAS                                  CIVIL ACTION

VERSUS                                          NO.  11-2365

WAL-MART STORES, INC., ET AL.                   SECTION "N" (5)

## ORDER AND REASONS

Before the Court is the "**Motion to Remand**" (Rec. Doc. 8), filed by Plaintiff Cynthia

Thomas ("Plaintiff").  This motion is opposed by Defendants Derrick Edwards, Wal-Mart

Louisiana, L.L.C., and Wal-Mart Stores, Inc. ("Defendants") (Rec. Doc. 9).  After considering

the memoranda filed by the parties, including Plaintiff's Reply Memorandum (Rec. Doc. 13) and

Supplemental Memorandum (Rec. Doc. 17) and Defendants' Surreply (Rec. Doc. 15), the Court

rules as set forth herein.

I.      **BACKGROUND**

Plaintiff filed suit in Civil District Court for the Parish of Orleans alleging that she was

injured when she fell in a Wal-Mart store after the heel of her shoe became trapped in a rubber

floor mat.  In her initial complaint, Plaintiff named Wal-Mart Stores, Inc. as defendant.  Shortly thereafter, she filed a supplemental and amending complaint naming Wal-Mart Louisiana, L.L.C. and Derrick Edwards as additional defendants.  Plaintiff claims that the floor mat presented an unreasonably dangerous condition of which Defendants had actual or constructive knowledge and that, therefore, Defendants are liable for her injuries.

On September 21, 2011, Defendants filed a Notice of Removal in this Court stating that this Court has diversity jurisdiction over this case because Plaintiff improperly[1] joined Louisiana resident and Wal-Mart manager Derrick Edwards as defendant in this matter in order to defeat diversity jurisdiction.[2]  Defendant argues that there is otherwise complete diversity in this case and that the amount in controversy is satisfied, giving this Court jurisdiction.


## II.    ARGUMENTS OF THE PARTIES

Plaintiff claims that this court lacks diversity jurisdiction because Derrick Edwards is a Louisiana citizen and because the citizenship of Wal-Mart Louisiana, L.L.C. has not been established.  Plaintiff maintains that, under Louisiana law, she has a reasonably arguable claim against Derrick Edwards such that he was properly joined as a defendant in this suit. Therefore, Plaintiff states, this Court lacks jurisdiction over this case because there is not complete diversity of citizenship and her motion to remand should be granted.  Defendant, on the other hand, argues that Plaintiff has no reasonable basis for asserting a claim against Mr. Edwards and that, as such,

---

[1]The Court uses the term improper, rather than fraudulent, joinder pursuant to the United States Court of Appeals for the Fifth Circuit's decision in *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 571 n.1 (5th Cir. 2004).

[2]Rec. Doc. 1.

he was improperly joined.  Defendant contends that, in the absence of Mr. Edwards, there is complete diversity of citizenship in this case because Wal-Mart Louisiana, L.L.C. is a foreign citizen.

## III.   ANALYSIS

Generally, a defendant may remove a civil action from state court to federal court if the federal court would have had original jurisdiction over the action.[3]  In assessing the propriety of removal, the Court is guided by the principle, grounded in notions of comity and recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed; any ambiguities of fact and law should be resolved in favor of remand.[4]  The removing party bears the burden of showing that federal jurisdiction exists at the time of removal.[5]

A United States district court has jurisdiction over suits between citizens of different states wherein the amount in controversy exceeds $75,000.[6]  For the purposes of diversity jurisdiction, a corporation is a citizen of its state of incorporation and the state in which its primary place of business is located, while partnerships and limited liability companies take the citizenship of their members.[7]

----

[3]*See* 28 U.S.C. § 1441(a).

[4]*See, e.g., Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[5]*See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995);  *see also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

[6]28 U.S.C. § 1332.

[7]28 U.S.C. §1332(c)(2); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

In response to Plaintiff's argument that the citizenship of Wal-Mart Louisiana, L.L.C. has not been established, Defendants submit the affidavit of Geoffrey W. Edwards, Senior Associate General Counsel for Wal-Mart Stores, Inc.[8]  Geoffrey Edwards states that Wal-Mart, L.L.C. is a Delaware limited liability company with its principal place of business located in Bentonville, Arkansas.[9]  Geoffrey Edwards further avers that Wal-Mart Louisiana, L.L.C.'s sole member is Wal-Mart Stores East, LP, which is a Delaware limited partnership with its principal place of business in Bentonville, Arkansas.[10]  According to Geoffrey Edwards, Wal-Mart Stores East LP is composed of two partners, WSE Management, LLC and WSE Investment, LLC, both Delaware limited liability companies with their principal places of business in Bentonville, Arkansas; the sole member of WSE Management, LLC and of WSE Investment, LLC is Wal-Mart Stores East, LLC, an Arkansas limited liability company with its principal place of business in Bentonville, Arkansas.[11]  Finally, Geoffrey Edwards declares that the sole member of Wal-Mart Stores East, LLC is Wal-Mart Stores, Inc., a Delaware Corporation with its principal place of business in Bentonville, Arkansas.[12]  By submitting  Geoffrey Edwards' affidavit, Defendants have established that Wal-Mart Louisiana, LLC is a citizen of Arkansas and Delware, rather than Louisiana.  As Wal-Mart Louisiana, LLC is therefore diverse from Plaintiff, the Court must determine whether Plaintiff improperly joined Mr. Derrick Edwards in order to resolve the

---

[8]Exhibit 1 to Rec. Doc. 15.

[9]*Id.* at 1.

[10]*Id.* at 1-2.

[11]*Id.* at 2.

[12]*Id.* at 2.

motion to remand.

The Supreme Court has interpreted the 28 U.S.C. § 1332 to require complete diversity of citizenship between all plaintiffs and all defendants.[13]   However, even if a plaintiff names non-diverse defendants, a diverse defendant may still validly remove the case if they can demonstrate that the non-diverse defendant was improperly joined.[14]   A defendant claiming improper joinder bears a heavy burden of proof; "[t]o prove their allegation of [improper] joinder [removing parties] must demonstrate that there is no possibility that [plaintiff] would be able to establish a cause of action in state court."[15]   In order to determine if complete diversity exists, a court normally looks to the face of the plaintiff's state court complaint;[16] in a case where improper joinder is alleged, "a court may 'pierce the pleadings' and consider summary-judgment-type evidence, such as affidavits and deposition testimony."[17]   A court evaluating a claim of improper joinder must "resolve all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party."[18]

Here, Defendants allege that non-diverse defendant Derrick Edwards, the manager of the

---

[13]*Liberty Property Co. v. Roche*, 546 U.S. 81, 89 (2005).

[14]*See Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 308 (5th Cir. 2005).

[15]*Ford v. Elsbury*, 32 F.3d 931, 935 (5th Cir. 1994) (third and fourth alterations in original) (*quoting Dodson v. Spillada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992)).

[16]*McCoy v. Bergeron*, No. 92-78, 1992 WL 40828, at *2 (E.D. La. Feb. 26, 1992) (*quoting Tedder v. F.M.C., Corp.*, 590 F.2d 115, 116-17 (5th Cir. 1979)).

[17]*Howard v. Wal-Mart Stores, Inc.*, No. 09-164, 2009 WL 981688 (E.D. La. Apr. 13, 2009)(*quoting In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 385 (5th Cir. 2009)).

[18]*Ford v. Elsbury*, 32 F.3d at 935 (*quoting Dodson*, 951 F.2d at 42).

Wal-Mart store where Plaintiff fell, was improperly joined in order to defeat diversity. Plaintiff maintains that Derrick Edwards negligently failed to ensure the safety of customers at Wal-Mart and that this negligence proximately caused her injuries such that liability may be imposed upon him under Louisiana law. The Louisiana Supreme Court has established four criteria that must be met before liability will be imposed on an employee for injuries to third persons resulting from a breach of a duty arising from his employment:

> first, [the employer] must owe a duty of care to the Plaintiffs,
> breach of which causes the damage for which recovery is sought;
> second, [the employer's] duty must have been delegated to the
> nondiverse defendant[]; and third, the nondiverse defendant[] must
> have breached the delegated duty through 'personal (as contrasted
> with technical or vicarious) fault.' Finally, . . . '[P]ersonal liability
> cannot be imposed upon the . . . employee simply because of his
> general administrative responsibility for performance of some
> function of the employment.[19]

Recently, courts applying this test have found that unless an employer supports its allegation of improper joinder with affidavits or other evidence,[20] a plaintiff alleging that an employee

---

[19] *Guillory*, 434 F.3d at 312 (final alteration in original) (*quoting Canter v. Koehring Co.*, 283 So.2d 716, 721 (La. 1973)).

[20] *See Guillory*, 434 F.3d 303 (Plaintiffs were injured in a chemical release while working as construction workers. The court affirmed the District Court's denial of the motion to remand based on the affidavits of the individual non-diverse defendants.); *Black v. Lowe's Home Centers, Inc.*, No. 10-478, 2010 WL 4790906 (M.D. La. Oct. 22, 2010) (Defendants submitted affidavit from Defendant manager stating that he was not present at the store on the date of plaintiffs accident. The court denied the motion to remand.); *Driver v. Wal-Mart Louisiana,*

negligently failed to keep a premises safe has shown a reasonable basis for liability.[21]

Plaintiff herein alleges that Derrick Edwards negligently failed to order, install, maintain, and properly care for appropriate floor mats, to warn patrons of possible danger, and to take all

*LLC*, No. 09-786, 2009 WL 2913938 (W.D. La. Sept. 9, 2009) (Affidavits submitted by the managers proved their lack of involvement in the plaintiff's accident. The court denied the motion to remand.); *Dusang v. Lowe's Home Centers, Inc.*, No. 08-0821, 2008 WL 3884395 (W.D. La. July 29, 2008) (Kirk, Magistrate J.) (The court denied the motion to remand when manager's affidavit showed that the employer contracted with an outside company for cleaning the bathrooms, wherein plaintiff fell.); *LeBlanc v. K-Mart Corp.*, No. 92-2828, 1992 WL 365345 (E.D. La. Nov. 19, 1992) (Plaintiff alleged that employees failed to personally inspect the floors, remove foreign substance, and place warning signs. Defendant submitted affidavits from employees negating their personal responsibility for plaintiff's accident. The court found that these were general administrative duties on which liability could not be based and denied the motion to remand.).

[21]*See Howard*, *supra* (Plaintiff alleged that store manager failed to inspect and maintain proper upkeep of public premises, failed to observe the hazardous puddle, failed to warn patrons of danger, failed to properly manage the store from a safety perspective, and failed to take all reasonable care and caution. The court found a possibility of recovery and granted the motion to remand.); *Cummins v. Wal-Mart Corp.*, No. 96-4025, 1997 WL 52437 (E.D. La. Feb. 6, 1997) (Plaintiff slipped on a toy car in defendant's store. Plaintiff alleged that manager negligently failed to properly train and supervise employees and negligently allowed an unpackaged toy car to be sold in store. The court found that these allegations were sufficient to state a possible cause of action, noting the lack of summary judgment type evidence presented by defendants.); *McCoy*, *supra* (Noting Defendant's failure to produce affidavits of deposition transcripts in order to meet its burden of showing no possibility of recovery, the court granted Plaintiff's motion to remand.); *cf. Powell v. Wal-Mart Louisiana*, No. 08-1689, 2009 WL 2713203 (W.D. La. Aug. 25, 2009) (The court denied the motion to remand when there was no allegation of any negligence on the part of the non-diverse defendant.); *Walker v. Schwegmann Giant Supermarkets, Inc.*, No. 95-1934 (La. App. 4 Cir. 3/14/96); 671 So.2d 983 (Plaintiff who was injured when she tripped on a hot dog in a store alleged that manager failed to warn customers that people ate in the store and failed to provide trash cans for the food people ate. The court found that these allegations were sufficient to survive an exception of no cause of action.); *Holmes v. Great Atlantic and Pacific Tea Co.*, 587 So.2d 750 (La. Ct. App. 4 Cir. 1991) (The court held that Plaintiff stated a cause of action against store manager for failing to use reasonable and ordinary care in keeping the aisles free of foreign substances, failing to make regular and periodic checks to assure that aisles were free of foreign substances, and failing to remove foreign substances from the floor after being made aware of their presence.).

reasonable care and caution.[22]  Further, Plaintiff has submitted evidence supporting her claims.[23]

Defendants have not come forward with any evidence to refute Plaintiff's assertion that Derrick

Edwards negligently failed to meet these duties and that this negligence caused her injuries.

Defendants have not met their burden of demonstrating that Plaintiff has no possible claim

against Derrick Edwards under Louisiana law.  As such, Derrick Edwards was properly joined in

this suit and there is not complete diversity of citizenship.  Because there is not complete

diversity of citizenship, this Court lacks jurisdiction over this matter and the case is remanded to

state court.


**IV.     CONCLUSION**

     Considering the foregoing, **IT IS ORDERED** that the **"Motion to Remand" (Rec. Doc.**

**8)** is **GRANTED**.

     New Orleans, Louisiana, this 23rd day of <u>March</u> 2012.

**KURT D. ENGELHARDT**

**United States District Judge**

---

[22]Rec. Doc. 8-1 at 3.

[23]*See* Rec. Doc. 19.